**WO**                                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nathaniel Hearn,                    )   No. CV 07-1051-PHX-MHM (MEA)
                                    )
      Petitioner,              )   **ORDER**
                                    )
vs.                                 )
                                    )
Dora Schriro, et al.,               )
                                    )
      Respondents.             )
                                    )

      Petitioner Nathaniel Hearn, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will dismiss the Petition as premature.

**I.**    **Petition**

      Petitioner was convicted in Maricopa County Superior Court, case #CR2004-006251-001-SE, of felony robbery and felony flight and was sentenced to 12- and 6-year terms of imprisonment, respectively. In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises one ground for relief. Plaintiff also states that he filed a petition for post-conviction relief in Maricopa County Superior Court on April 24, 2007, and the petition is still pending.

**II.**    **Exhaustion of State Remedies**

      Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, a state prisoner must give the state courts an

1  opportunity to act on his claims before he presents those claims to a federal court in a habeas
2  petition." O'Sullivan, 526 U.S. at 842.  A prisoner has not exhausted his state court remedies
3  where a petition for post-conviction relief is still pending. Schnepp v. Oregon, 333 F.2d 288,
4  288 (9th Cir. 1964).  The failure to exhaust subjects the Petitioner to dismissal.  See
5  Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

6       In light of the pending proceeding in state court, which could affect Petitioner's
7  conviction and sentences and which could also ultimately affect these proceedings, it would
8  be inappropriate for this Court to rule on Petitioner's claim at this time. See Schnepp, 333
9  F.2d at 288 (pending post-conviction proceedings precluded grant of writ of habeas corpus).
10 Because this habeas action is premature, the Court will dismiss the case without prejudice.

11      **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) and
12 this case are **dismissed without prejudice** and the Clerk of Court must close this case and
13 enter judgment accordingly.

14      DATED this 15th day of June, 2007.

_____
Mary H. Murguia
United States District Judge